UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DANA STANFEL                                                                    PLAINTIFF

V.                              NO. 3:17-CV-225-BD

SOCIAL SECURITY ADMINISTRATION                                  DEFENDANT

## ORDER

### I. Introduction:

On November 12, 2014, Dana Stanfel applied for supplemental security income benefits, alleging disability beginning on November 29, 2006. (Tr. at 15) Ms. Stanfel's claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") denied Ms. Stanfel's application. (Tr. at 27) Ms. Stanfel requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Ms. Stanfel filed this case seeking judicial review of the decision denying her benefits. For the reasons stated below, the Court[1] affirms the decision of the Commissioner.

### II. The Commissioner's Decision:

The ALJ found that Ms. Stanfel had not engaged in substantial gainful activity since the application date of November 12, 2014. (Tr. at 17) At step two of the five-step

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

1

analysis, the ALJ found that Ms. Stanfel had the following severe impairments: osteoarthritis, degenerative disc disease, diabetes mellitus, obesity, affective disorder, and anxiety disorder. *Id.*

After finding that Ms. Stanfel's impairments did not meet or equal a listed impairment (Tr. at 18), the ALJ determined that Ms. Stanfel had the residual functional capacity ("RFC") to perform the full range of work at the light exertional level, with some limitations. She could only occasionally stoop, kneel, crouch, and crawl, and she could only perform simple, routine tasks with incidental interpersonal contact with the public and coworkers. (Tr. at 20).

The ALJ found that Ms. Stanfel had no past relevant work. (Tr. at 26). At step five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Ms. Stanfel's age, education, work experience and RFC, she was capable of performing work in the national economy as merchandise marker and routing clerk. (Tr. at 27). The ALJ determined, therefore, that Ms. Stanfel was not disabled. *Id.*

### III. Discussion:

 A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support he ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir.

2009)(citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also, evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

    B.   Ms. Stanfel's Arguments on Appeal

In this appeal, Ms. Stanfel contends that the ALJ's decision to deny benefits is not supported by substantial evidence. She argues that the RFC did not fully incorporate all of her limitations, specifically those set forth by her treating physician, Kristi Statler, M.D.

Objective testing did not show disabling medical conditions. An MRI of Ms. Stanfel's lumbar spine in January of 2006 was normal. (Tr. at 283-284) At the same time, an x-ray of her lumbar spine showed no bony abnormalities. (Tr. at 277-279) A brain MRI from March 2008 was within normal limits. (Tr. at 303-304) A head MRI in 2014 was also normal. (Tr. at 391-393) MRIs of Ms. Stanfel's lumbar and cervical spine in March of 2015 were normal. Normal examination findings argue against a finding of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001).

When John Hines, M.D., examined Ms. Stanfel for pain symptoms in 2005, he noted that her pain response was exaggerated, and he questioned the authenticity of pain. (Tr. at 275-276) After a 2006 examination, Stephen Golden, M.D., also noted that Ms.

Stanfel might be malingering. (Tr. at 280-282) Evidence of malingering supports an ALJ's decision to discount a claimant's complaints. *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009).

Ms. Stanfel reported improvement thanks to medication. Topamax reportedly helping with migraines in March of 2006. (Tr. at 288-290) Lexapro helped in March of 2008. (Tr. at 306-307) Migraine and anxiety medications apparently worked well in December of 2011. (Tr. at 330-332) Abilify and Celexa reportedly helped in February of 2012. (Tr. at 468-470) Ms. Stanfel's blood-sugar levels were controlled in 2013, 2014, and 2015. (Tr. at 425-426, 413-415, 673-675) Her reported pain was manageable with medication as of April, 2016. (Tr. at 735-738) Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

After Ms. Stanfel underwent medial branch blocks and radiofrequency treatment for back pain, her pain doctor noted a positive response from the blocks, with 80% improvement. (Tr. at 700) Ms. Stanfel did not pursue surgery for back pain; nor was surgery recommended. She did not see a chiropractor or participate in physical therapy. She did not require hospitalization.

The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). On numerous occasions, Ms. Stanfel's doctors told her to exercise, which is an indication that her pain was not

4

disabling. A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

The ALJ considered the normal objective testing, positive response to treatment, and conservative care described above in granting little weight to the opinion of Dr. Statler. Dr. Statler opined that Ms. Stanfel could not perform even light work and would have to shift positions and take longer than normal breaks at work. (Tr. at 727-728) The only objective testing she cited, however, was an abnormal shoulder MRI, and she did not reference the many MRIs that were normal. *Id*. Moreover, Dr. Statler's opinion was on a brief checkbox form. *Id*. A conclusory checkbox form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012).

Additionally, Ms. Stanfel's appointments with Dr. Statler, a PCP, were generally for acute conditions such as sinusitis, insect bites, injuries from falls, or urinary tract infections. (Tr. at 404-406, 430-431, 453-455, 497-502, 666-669) There is a lack of objective medical evidence to support Dr. Statler's opinion of Ms. Stanfel's extreme limitations, and the ALJ gave appropriate weight to her opinion about Ms. Stanfel's physical condition.

Dr. Statler also opined about Ms. Stanfel's mental status. She indicated moderate-to-marked limitations in basic work tasks, such as the ability to follow instructions, remember procedures, maintain attention, and maintain an ordinary routine. (Tr. at 730-

731). There was no record of mental health treatment by a psychiatrist or psychologist to support Dr. Statler's opinion. The failure to seek regular and continuing treatment contradicts allegations of disability. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997). And with no psychiatric records, Dr. Statler had little evidence to base her findings on, beyond Ms. Stanfel's subjective complaints. An ALJ may give less weight to a physician's opinion that is based largely on subjective complaints. *Cline v. Colvin*, 771 F.3d 1098, 1104 (8th Cir. 2014).

Also, Dr. Statler admitted to Ms. Stanfel that she was not comfortable prescribing psychiatric medications because she was not qualified in that field. (Tr. at 44-45). And at many appointments with Dr. Statler, Ms. Stanfel presented with intact memory and normal thought pattern and speech. (Tr. at 509, 520, 605, 632, 716) The ALJ gave proper weight to Dr. Statler's opinion regarding Ms. Stanfel's mental health. He also gave appropriate weight to the opinion of Samuel Hester, Ph.D., who opined that Ms. Stanfel could complete some work activities, but might have problems with mental demands and maintaining concentration. The ALJ considered both opinions to arrive at an RFC for light work with added limitations based on Ms. Stanfel's mental functional capacity.

Finally, as the ALJ pointed out, Ms. Stanfel's activities of daily living did not portray a completely disabled woman. She prepared meals, did chores, drove, shopped, read, and even took a trip to the Bahamas in 2015, where she felt well enough to ride a water slide. (She suffered a concussion from falling on the slide). (Tr. at 20-26, 194-198,

6

666-669) Such daily activities undermine claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

The ALJ gave appropriate weight to Dr. Statler's opinions and properly considered the remaining opinion evidence to determine Ms. Stanfel's RFC. He found more limitations than those imposed by medical consultants in 2012, which he described as remote, and gave great weight to the 2015 opinions of state-agency medical consultants, which assigned an RFC for light work based on the record as a whole. The Court finds that the ALJ committed no error.

**IV.** **Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The RFC incorporated all of Ms. Stanfel's limitations, and the ALJ gave proper weight to the opinion of Dr. Statler. The finding that Ms. Stanfel was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is, affirmed. The case is dismissed, with prejudice.

IT IS SO ORDERED this 30th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE